REQUESTED BY: John H. Skavdahl, Sioux County Attorney, Harrison, Nebraska
1. In the computation of the deduction from the value of the property subject to inheritance tax, pursuant to Neb.Rev.Stat. § 77-2018.04 (Reissue 1981), should the deduction for expenses of the last illness of the decedent incurred within six months of his or her death be reduced by any amount of such expenses paid by insurance?
2. Should a deduction be taken for such expenses of last illness paid by the decedent before his or her death?
1. Yes.
2. No.
1. Section 77-2018.04 provides in part:
 In all proceedings for the determination of inheritance tax, the following deductions from the value of the property subject to Nebraska inheritance taxation shall be allowed to the extent paid from, chargeable to, or paid with respect to property subject to Nebraska inheritance taxation:
. . . .
 (3) All expenses of the last illness of the decedent which were incurred within six months of the death of the decedent.
We believe there have been no Nebraska cases answering your particular question, but it appears to us that allowing a deduction for expenses of the last illness of the decedent which are actually paid by an insurance company would not be consistent with the purpose of the deduction.
The general purpose of the deductions listed in77-2018.04 is to attempt to tax the net inheritance received by the heirs, devisees, and legatees of the decedent, and not have that inheritance reduced, after computation of the tax, by the requirement that the various expenses itemized in that section be paid out of such inheritance. That purpose would not be accomplished if a deduction were allowed for expenses which were not actually paid out of the inheritance, but were, instead, paid by an insurance company.
If the gross expenses of the last illness were held to be deductible, including those paid by an insurance company, then the right to require such payment by the insurance company should be included as an asset in the estate, and used to increase the share of each beneficiary.
Looking at it another way, the ultimate tax should not be the same on two inheritances, identical in all respects, except that in one the inheritance is reduced by reason of the payment of the expenses of the last illness of the decedent, and in the other it is not so reduced because such expenses are paid by an insurance company.
We believe the proper solution is to reduce the reduction by any amount paid or payable by an insurance company.
2. You state that in some counties the deduction is taken for expenses of the last illness of the decedent, even though they were paid by the decedent before his or her death. We do not see how such a deduction could possibly be justified.
If the expenses were paid by the decedent before death, obviously this would reduce the size of the estate subject to inheritance taxation. If the inheritance to be taxed is then further reduced by deducting such expenses, these expenses have, in effect, been deducted twice. Such cannot be the intent of the law. In 42 Am.Jur.2d 486, Inheritance,Etc., Taxes, § 272, we find:
 Expenses of his last illness actually paid by the decedent himself prior to his death were held not to come within the meaning of an inheritance tax statute allowing a deduction of a `reasonable sum' for expenses of last illness, since the intent of such provision is to allow a deduction for expenses of last illness which, although not strictly debts of the decedent owing at his death, are properly payable out of his estate and reduce the amount of property passing to residuary beneficiaries or intestate distributees.
To allow such a deduction would be in violation of the terms of the statute. The deduction is allowed `to the extent paid from, chargeable to, or paid with respect toproperty subject to Nebraska inheritance taxation.' (Emphasis added.) The expenses we are concerned with were paid by the decedent from his assets during his lifetime. Such assets were not then `subject to Nebraska inheritance taxation.'
Very truly yours, PAUL L. DOUGLAS Attorney General Ralph H. Gillan Assistant Attorney General APPROVED:Paul L. Douglas
Attorney General